UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE: § | |
| § | |
| § | |
| O'CONNOR INTERNATIONAL, INC. § | CIVIL ACTION NO. H-05-02245 |
| § | |
| Debtor. § | |
| § | |

## MEMORANDUM AND ORDER

This is an appeal from the Bankruptcy Court's denial of Appellants' motions to dismiss the Chapter 7 bankruptcy case of O'Connor International, Inc. Appellants argue that this case involves a two-party dispute between non-debtor entities that does not implicate the policies underlying Chapter 7, and that the filing was in bad faith. Appellants urge that the Bankruptcy Court should have dismissed the case under 11 U.S.C. §707(a).

A district court reviews a bankruptcy court's legal conclusions *de novo*. *In re Stembridge*, 394 F.3d 383, 385 (5th Cir. 2004). The Fifth Circuit has indicated, however, that a bankruptcy court's ruling on a motion to dismiss pursuant to 11 U.S.C. § 707(a) should be reversed only for abuse of discretion. *See In re Atlas Supply Corp.*, 857 F.2d 1061, 1063 (5th Cir. 1988) ("Since equitable principles may be applied under the present Bankruptcy Code, the decision whether to grant a motion to dismiss a petition in bankruptcy lies within the discretion of the bankruptcy judge."); *see also Stembridge*, 394 F.3d at 385 (noting that the Fifth Circuit reviews a bankruptcy court's ruling using the same standard of review as the district court).

Under either a *de novo* or abuse of discretion standard of review, the Bankruptcy Court's denial of Appellant's motions to dismiss is clearly correct and must be affirmed. This is very clearly *not* a two-party case, as there are a number of creditors in addition to Appellants, many of whom Appellants even referred to in their briefs and at a hearing before the Bankruptcy Court.

Of these creditors, only Appellants hold a judgment against the debtor. Accordingly, dismissal of the bankruptcy case would allow Appellants to collect on their judgment, while prejudicing the claims of the other creditors involved in this case – a result distinctly antithetical to the fundamental bankruptcy principle of equality of treatment for creditors. Additionally, the debtor has a number of assets to be distributed here, including insurance claims, claims against contractors, and equipment. A bankruptcy proceeding is the appropriate means of marshalling, liquidating, and distributing these assets among the various creditors. While Appellant correctly points out that the debtor was under the strain of financial hardship and multiple claims when it filed for bankruptcy, that is almost always true of debtors in bankruptcy and certainly does not suggest that the Chapter 7 filing was in bad faith. Appellants have failed to present any evidence that this bankruptcy case was not filed properly or in good faith.

Accordingly, the Bankruptcy Court's denial of Appellants' motions to dismiss is **AFFIRMED**, and this appeal is **DISMISSED**.

    **IT IS SO ORDERED**.

    **SIGNED** this 23rd day of February, 2006.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**